UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELVIRA CASTRO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 5:20-cv-1355 |
| | § | |
| DOLLAR GENERAL CORPORATION | § | |
| AND DONIKA SWINEY | § | |
| | § | |

---

### DEFENDANT DOLGENCORP OF TEXAS INC.'S NOTICE OF REMOVAL

---

Defendant Dolgencorp of Texas, Inc., misnamed as Dollar General Corporation (hereinafter referred to as "Dollar General") hereby removes this lawsuit which is currently pending in the 438th District Court of Bexar County Texas, Cause No. 2020-CI-20422, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§ 1441 and 1446.  In support, Dollar General would respectfully show as follows:

**I.**
**FACTUAL BACKGROUND OF STATE COURT ACTION**

1.      On or about October 21, 2020, Plaintiff filed her Original Petition in the matter styled *Elvira Castro v. Dollar General Corporation and Donika Swiney*, Cause No. 2020-CI-20422, in the 438th District Court, Bexar County, Texas (hereinafter referred to as the "State Court Action").  *See* Exhibit A (Plaintiff's Original Petition).

2.      Dollar General was served with Plaintiff's Original Petition on October 28, 2020. *See* Exhibit B (State Court Record Search).

3.      In her Petition, Plaintiff alleges that she was shopping at Dollar General's business located at 9664 Marbach Road in San Antonio when she alleges that she slipped on a

slippery gel on the floor.  *See* <u>Exhibit A</u> at § IV.  Plaintiff further alleges that Defendant Donika Swiney ("Swiney") "admitted that the store employees should have seen the slippery gel and cleaned it up prior to Plaintiff's fall."  *Id.*  Importantly, Plaintiff does not allege that Swiney owns or occupies the subject Dollar General.  In fact, Plaintiff does not allege any relationship between Swiney and Dollar General.  Upon information and belief, Dollar General states that Swiney is an employee of Dollar General.

4.     Plaintiff asserts causes of action for negligence in the form of premises liability against Dollar General and Swiney, negligent hiring, supervision, training, and retention against Dollar General; and respondeat superior against Dollar General.  *Id.* at §§ V-VII.  Plaintiff alleges she sustained injuries to her head, neck back and body in general. *Id.* at § VIII.  In addition, Plaintiff seeks monetary damages between $200,000 and $1,000,000 for:

- Past and future mental anguish;
- Past and future physical pain and suffering;
- Past and future physical impairment;
- Past and future physical disfigurement;.
- Past and future medical medical expenses; and
- Future medical monitoring and prevention.

*Id.*

5.     This Notice of Removal is timely filed within thirty days after receipt of a copy of Plaintiff's original petition.  *See* 28 U.S.C. § 1446(b)(1).

6.     No orders have been signed by the State Court judge.  No hearings are currently scheduled in the State Court Action. The State Court Action is pending within this district and division, as is required for removal by 28 U.S.C. § 1441(a).

## II.
### BASIS FOR REMOVAL

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy exceeds $75,000.

**A.      Complete Diversity of Citizenship**

8.      A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985). Here, Plaintiff's pleading asserts that she resides in Bexar County, Texas.  Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States.  *Id.* Accordingly, Dollar General asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

9.      As to Dollar General, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Dollar General is a foreign corporation incorporated under the laws of the State of Kentucky and its principal place of business is in Davidson County, Goodlettsville, Tennessee, located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.  Accordingly, Dollar General is a citizen of Kentucky and Tennessee, and is not a citizen of Texas.

10.     Upon information and belief, Defendant Swiney is an employee of Dollar General and is a resident of Texas.  However, Swiney has been improperly joined to this action solely to defeat diversity jurisdiction.  There is no plausible cause of action against Swiney. Her residency should therefore be disregarded for purposes of evaluating diversity in this matter.

{00644699}

B.    **Amount in Controversy**

11.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a *legal certainty*, he will not be able to recover more than the damages for which he has prayed in the state court complaint.  *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

12.    As detailed below, Defendant can show that the amount in controversy exceeds $75,000.00 because it is apparent from the face of the petition.

*Amount is Facially Apparent*

13.    If a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000.00 (excluding interest and costs), the defendant can rely on that demand to meet the jurisdictional requirement.  *See S.W.S. Erectors Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996).  Here, Plaintiff's pleading indicates that the damages sought are between $200,000 and $1,000,000.  *See Plaintiff's Original Petition* § VIII.

14.    As Dollar General can rely on such a demand in a pleading, the jurisdictional amount is established on the face of the petition, making removal proper.

C.    **Improper Joinder of Donika Swiney**

{00644699}

15.     The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

16.     The removing party bears the burden of establishing whether federal jurisdiction exists and removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  To meet this burden, the removing party must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).

17.     To determine that an in-state defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (2) the plaintiff has failed to state a claim against the non-diverse defendant. *Smallwood,* 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).

18.     The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis.  *Smallwood,* 385 F.3d at 573. The analysis requires the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

19.     Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678-79. Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id.,* at 679.  A pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.*  Plausibility requires more than a mere possibility. It calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct. *Twombly,* 550 U.S. at 565.

20.     Here, applying the *Twombly* and *Iqbal* analysis, Plaintiff's Original Petition fails to state a plausible claim against Swiney.  Specifically, Plaintiff's only cause of action against Swiney is for premises liability.  However, Swiney did not owe a duty to Plaintiff in relation to a premises liability claim and, even if Swiney owed such a duty, Plaintiff has not pled sufficient facts to show that Swiney breached that duty.

21.     Whether a duty exists is a threshold question of law.  *Van Horn v. Chambers*, 9709 S.W.2d 542, 544 (Tex. 1998).  Simply put, if there is no duty, no liability can be imposed. *Id.*   In Texas, "[a]n owner or occupier of land has a duty to use reasonable care to keep the premises under his control in a safe condition."  *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985).  In relation to premises liability, possession and control generally must be shown as a prerequisite to liability.  *City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986).  If a plaintiff establishes that a defendant owes a plaintiff a duty under a premises liability cause of

action, then the plaintiff must still show that defendant has breached the duty by proving the elements of premises liability.  The elements of premises liability are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992).

22.     In this case, Plaintiff has not alleged that Swiney owned, occupied, possessed, or controlled the Dollar General where Plaintiff was allegedly injured.  As such, Plaintiff has failed to allege facts that demonstrate that Swiney owed Plaintiff a duty under a theory of premises liability and no liability can be imposed on Swiney.

23.     Even if Plaintiff had alleged facts that imposed a duty upon Swiney under a theory of premises liability, Plaintiff has still failed to alleged sufficient facts to show that Swiney breached that duty.  Rather Plaintiff has offered nothing more than "labels and conclusions [and] a formulaic recitation of the elements of a cause of action" for premises liability. *Iqbal,* 556 U.S. at 678.  Plaintiff's sole factual allegation related to Swiney is that Swiney "admitted that the store employees should have seen the slippery gel and cleaned it up prior to Plaintiff's fall."  *Plaintiff's Original Petition* at § IV.  Plaintiff then goes on to allege, without offering any more facts related to Swiney, that Swiney and Dollar General were negligent under a theory of premises liability for:

1.  In failing maintain a reasonably safe premises;

2. In failing to correct a dangerous condition that they knew existed or in the exercise of reasonable diligence should have been discovered;

3. In failing to warn Plaintiff of the unreasonable dangerous condition; and

4. In failing to protect its business invitees against known dangerous conditions or conditions that, in the exercise of reasonable diligence, should have been discovered and corrected.

*Id.* at § V.

Such allegations are nothing more than formulaic recitations of some of the elements of a premises liability cause of action.. *Id.*

24.     Plaintiff has not stated a cause of action for premises liability against Swiney for which Plaintiff can recover because;

- Swiney did not own, operate, possess, or control the subject Dollar General store and thus did not owe Plaintiff a duty under a premises liability theory of negligence;

- Has failed to allege facts which would even give rise to such a duty under a premises liability cause of action; and

- Has failed to allege facts that would support a claim for premises liability even if Swiney owed a duty under a premises liability cause of action.

Hence, because Plaintiff has failed to state a viable cause of action against Swiney, Swiney is improperly joined to this lawsuit and her citizenship must be disregarded for removal purposes.

24.     Accordingly, since the claim made basis of this suit exceeds the jurisdictional limits of $75,000.00 and the parties are diverse, this Court has original jurisdiction, and removal is proper.

## IV.
### VENUE

25.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

{00644699}

WHEREFORE, Defendant Dolgencorp of Texas, Inc requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: /s/ Michael M. Novak
**Robert E. Valdez**
State Bar No.20428100
revaldez@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092905

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 23rd day of November 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and e-service in the state court proceeding:

Clay W. Morgan
BSJ Law Group, P.L.L.C.
12703 Spectrum Drive, Ste. 202
San Antonio, Texas 78249
cmorgan@bsjlawgroup.com
**Counsel for Plaintiff**

/s/ Michael M. Novak
**Michael M. Novak**